UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LARRY A. STEELE

      Plaintiff,

vs.                                                     Case No. 3:07-cv-676-J-25MCR

DONALD C. WINTER, Secretary,
Secretary of the Navy,

      Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Complaint[2] (Doc. 1), as well as Plaintiff's Affidavit of Indigency (Doc. 2), which this Court construes as a motion for leave to proceed in forma pauperis. On July 31, 2007, the Court entered an Order denying, without prejudice, Plaintiff's motion for leave to proceed in forma pauperis, but permitted Plaintiff to file an Amended Complaint and Amended Affidavit of Indigency by April 20, 2007 and noted that failure to file an Amended Complaint would result in a recommendation that this action be dismissed. (Doc. 6, p. 8). As of this date, Plaintiff has made no filing.

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

[2] The Court refers to Doc. 1 as Plaintiff's Complaint despite Plaintiff labeling this document as a "Request to File a Civil Action."

When an application to proceed in forma pauperis is filed, the Court is obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  In this case, Plaintiff filed a Complaint which is in the format of a four page letter and which contains an attachment that exceeds over 379 pages of documentation.  Plaintiff's Complaint fails to set forth a clear legal basis for liability. Although Plaintiff states he was discriminated against in violation of Title VII of the Civil Rights Act of 1964, the Complaint fails to allege any specific actions Defendant took in discriminating against him.

The Court believes Plaintiff is attempting to assert a failure to promote/hire claim based on a few allegations in the Complaint and on the information contained in the voluminous Exhibit.  In order to establish a prima facie case, and thus, raise an inference of discriminatory intent, on the basis of failure to promote, Plaintiff must demonstrate: (1) he belonged to a protected class; (2) he was qualified for and applied for a position; (3) despite qualifications, he was rejected; and (4) the position was filled with an individual outside the protected class. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973); Vessels v. Atlanta Independent School System, 408 F.3d 763, 768 (11th Cir. 2005).  Notably, in his Complaint, Plaintiff fails to plead any of these elements.  Accordingly, in its July 31, 2007 Order, the Court instructed Plaintiff that he must set forth with specificity the nature of the causes of action he is asserting and how each named defendant is involved in the alleged wrongdoing.

Because Plaintiff failed to file an Amended Complaint on or before August 20, 2007, it is respectfully recommended that Plaintiff's Complaint be dismissed without prejudice to Plaintiff's filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Complaint (Doc. 1), be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  22nd  day of August, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

*Pro Se* Plaintiff

The Honorable Henry Lee Adams,
United States District Judge